IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN JACKSON, #327433 | * | |
| Petitioner | * | |
| v | * | Civil Action No. RWT-08-1430 |
| | * | |
| BOBBY SHEARIN, WARDEN, et al. | * | |
| Respondents | * | |

\*\*\*

## MEMORANDUM

Before the Court is Kevin Jackson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his sentence modification in the Circuit Court for Baltimore City. Jackson, who is proceeding pro se, is an inmate confined at the Western Correctional Institution. Respondents[1] have filed a response in opposition to which Jackson has replied. The matter is fully briefed and ripe for disposition. After careful review of the pleadings, exhibits, and applicable case law, the Court finds a hearing is unwarranted; the habeas corpus relief requested will be DENIED.

## BACKGROUND

### Plea

On March 10, 2005, Jackson pleaded guilty in the Circuit Court for Baltimore City to one count of attempted second-degree murder and one count of use of a handgun in the commission of a crime of violence. The plea agreement provided that Jackson would plead guilty to both charges and the sentence would be "capped" at twenty-five years imprisonment. Exhibit 2, pp. 17-18.

The prosecution presented the following facts in support of the plea. On June 8, 2004,

---

[1] J. Phillip Morgan is presently Warden of the Western Correctional Institution. *See* Fed. R. Civ. P. 25(d)(1).

Jackson confronted Damon Shelton in the home of Jackson's former girlfriend. Also in the home was Jasmine Johnson, the fifteen-year-old daughter of the former girlfriend. Jackson shot Shelton in the mid-section. Jackson then pointed the gun at Shelton's head and pulled the trigger. The gun misfired, a struggle ensued, and Jackson fled. Shelton and Johnson positively identified Jackson as the shooter in a photo array.

Jackson offered no additions or exceptions to the State's facts. Exhibit 4, p. 34. The court accepted Jackson's plea as entered knowingly, voluntarily, and supported by the facts. *See id.*, pp. 26-33.

## Sentencing

The Circuit Court sentenced Jackson to twenty-five years for attempted second-degree murder, with a concurrent twenty-year sentence for the handgun offense. Additionally, the Court ordered a $20,000 civil judgment of restitution on behalf of Shelton. Jackson did not file an application for leave to appeal the entry of his plea and sentence.

## Modification of Sentence

On May 19, 2005, Jackson moved for a sentence reduction. At a hearing conducted on August 30, 2005, Jackson, by his attorney, asked the Circuit Court to suspend all but ten years of the twenty-five year sentence and reconsider restitution. Jackson argued the evidence did not support the amount of restitution ordered. The court responded:

> …I will give you a choice. Your client can have 23 years as the sentence, or He can choose the striking of the $20,000 judgment. Whatever he wishes, the Court will be glad to assist him in his request. The Court is only acknowledging your argument is being made, and the Court is only making this decision based on your second motion. The defendant's motion to modify was denied.
>
> The Court appreciates your filing the motion for reconsideration.

>And then there was a filing as to whether or not there was an issue in
>excess of the agreement. So, the Court will listen to your as to what you
>would like to do in terms of that.

Respondents' Exhibit 4, p. 9.

Jackson consulted with counsel and chose "23 years with the civil judgment, given the choice that Your Honor has provided him." *Id*. p. 10.  The Court modified Jackson's sentence to twenty-three years imprisonment with a civil judgment for the victim, Damon Shelton, in the amount of $20,000.  The Court denied Jackson's second request to modify sentence on November 30, 2005.

## State Post-Conviction Proceedings

On March 22, 2006, Jackson initiated post-conviction proceedings. As amended, Jackson's Petition for Post-Conviction Relief claimed that trial counsel provided ineffective assistance for failing to: 1) proffer the victim's medical records; 2) challenge the State's evidence; 3) object at sentencing to misstated guidelines; 4) present mitigation evidence at sentencing; 5) document Jackson's intoxication at the time of the incident; and 6) object to the sentencing statement made by the victim's sister.  Additionally, Jackson claimed: 7) prosecutorial misconduct for misstating guidelines; and 8) failing to notify Jackson of the impact statement presented by the victim's sister.  Lastly, Jackson claimed trial court misconduct for : 9) permitting the victim's sister to present her statement at sentencing; and 10) imposing a civil judgment.

At the hearing on the post-conviction petition, the State consented to strike the civil judgment.  Exhibit 7, pp 3-6, 21; Exhibit 9, p. 10. On July 17, 2007, the court denied post-conviction relief.  Jackson subsequently filed an application for leave to appeal the court's ruling

in which he claimed ineffective assistance of trial counsel for failing to: 1) proffer evidence of the victim's medical records; 2) object at sentencing to misstated guidelines; 3) present mitigation evidence at sentencing; 4) document Jackson's intoxication at the time of the incident; and 5) object to the victim's sister's statement at sentencing.  Further, Jackson claimed 6) prosecutorial misconduct and 7) court misconduct. On April 1, 2008, the Court of Special Appeals of Maryland summarily denied the application for leave to appeal.

## PETITIONER'S CLAIMS

Jackson claims generally that he is being held in state custody illegally and "unethicall[ly]" because the judge at his sentence modification hearing improperly gave him the choice of a twenty-three year sentence with restitution or a twenty-five year sentence without restitution.[2]

## DISCUSSION

To be entitled to federal habeas corpus relief, a petitioner must demonstrate that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also, Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Wainwright v. Goode*, 464 U.S. 78, 83 (1983). Violations of state law which do not infringe on specific federal constitutional protections are not cognizable under § 2254.  *See* 502 U.S. at 67-68 ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Weeks v. Angeleone,* 176 F.3d 249, 262 (4th Cir. 1999) ("when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review").

---

[2] Jackson also requests assistance in obtaining substance abuse treatment.  To the extent Jackson raises this concern as a separate claim, it is not cognizable in a federal habeas corpus relief proceeding.  The Clerk will send Jackson a prisoner civil rights forms and information packet.  The Court expresses no opinion on the merits of Jackson's request for assistance.

Jackson fails to identify any constitutional provision or federal law which has been violated by the actions of the sentencing court. Absent violation of a federal constitutional right, there is no colorable claim presented for § 2254 relief.

Notably, the maximum sentence for attempted second-degree murder, the lead charge to which Jackson pleaded guilty is thirty years imprisonment. *See* Md. Code Ann., Crim. Law Art., § 2-207 (2002). Jackson agreed to plead guilty in exchange for a sentence "capped" at twenty-five years. Jackson's initial twenty-five year sentence and his current 23-year sentence are within the period agreed upon in the plea agreement and are within the state statutory limit.[3] The civil judgment ordering restitution was later stricken; Jackson maintains the benefit of the lesser sentence.

## CONCLUSION

For reasons stated herein, the Court determines federal habeas corpus relief is unwarranted. The Petition will be denied by separate Order.


September 29, 2009                                    /s/                        .
                                                      Roger W. Titus
                                                      United States District Judge

---

[3] The state post-conviction court said that "[f]or the two counts Petitioner pled guilty to- attempted murder in the second degree and use of a handgun in a crime of violence-the maximum penalty that could have been imposed was fifty years." Exhibit 9, p. 5.